# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| OBIE MBAKWE and NINA MBAKWE, § | | |
| Plaintiffs, § | | |
| vs. § | Civil Action No. 3:17-CV-856-M-BH | |
| § | | |
| PNC BANK, N.A., § | | |
| Defendant. § | Referred to U.S. Magistrate Judge | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order No. 3-251*, this foreclosure case has been automatically referred for full case management. Before the Court for recommendation is *Defendant PNC Bank, N.A.'s Motion to Dismiss*, filed March 31, 2017 (doc. 4). Based upon the relevant filings and applicable law, the motion should be **GRANTED.**

## I. BACKGROUND

This case involves the attempted foreclosure of real property located at 957 Pintail Court, Coppell, Texas, 75019 (the Property). (*See* doc. 1-2 at 3.)[1] On February 24, 2017, Obie Mbakwe and Nina Mbakwe (Plaintiffs) filed this lawsuit alleging claims of breach of contract and quiet title against PNC Bank, N.A. (Defendant) in the 68th District Court of Dallas County, Texas. (*See* doc. 1-5 at 2.) On March 27, 2017, Defendant removed to federal court based on diversity jurisdiction under 28 U.S.C. § 1332. (doc. 1.)

In their Original Petition, Plaintiffs allege that they purchased the Property on July 31, 1998, after which they executed a deed of trust in favor of Merit Mortgage Company and Certified Funding Corporation. (doc. 1-2 at 3.) Plaintiffs further allege that they executed an additional home equity deed of trust in favor of National City Mortgage Company on August 26, 2002. (*Id.*) Because

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Plaintiffs failed to comply with the terms of the deeds of trust, Defendant filed an application for foreclosure under Rule 736 of the Texas Rules of Civil Procedure in state court on May 8, 2013.[2] (*Id*. at 4.) In lieu of foreclosure, Defendant and Plaintiffs "subsequently" entered into a loan modification agreement. (*Id*.) Plaintiffs allege that Defendant "rescinded its [modification] agreement" by pursuing another application for foreclosure in the Texas courts (*Id*.) They further allege that "[t]his suit does not seek money damages," but they do seek a "decree that the deed of trust is unenforceable," attorney's fees, and costs of court. (*Id*. at 2, 5.)

On March 31, 2017, Defendant moved to dismiss the action under Rule 12(b)(6) for failure to state a claim. (doc. 4.) Plaintiffs did not respond.

## II. RULE 12(b)(6)

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229, 120 S.Ct. 2659, 147 L.Ed.2d 274 (2000). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must

---
[2] Plaintiffs allege that "Defendant claims to own the deed of trust," but it is unclear how Defendant acquired the deeds. Nevertheless, they do not argue that Defendant lacked the authority to enforce the deeds of trust or enter into the loan modification agreement. (*See* doc. 1-2.)

provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

**A.      Breach of Contract**

Defendant first moves to dismiss Plaintiffs' claim for breach of contract because they have failed to plead the essential elements of a claim. (doc. 4-1 at 2.)

The essential elements of a breach of contract claim in Texas are: (1) the existence of a valid contract; (2) breach of the contract by the defendant; (3) performance or tendered performance by the plaintiff; and (4) damages sustained by the plaintiff as a result of the defendant's breach. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (citing *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.–Houston [14th Dist.] 2005, pet. denied)).

Here, Plaintiffs generally allege that a "valid and binding agreement was executed by the parties," they fulfilled their obligations under the agreement, and that they "have been damaged" as a result of Defendant's breach of the agreement. (doc. 1-2 at 4.) Though it appears that the "valid and binding agreement" is an alleged loan modification agreement, Plaintiffs wholly fail to identify the terms of the agreement or the date upon which it was entered into. (*See id.*) The petition, moreover, is devoid of any factual allegations about how Defendant breached the agreement, the nature or extent of any damages sustained, or how Plaintiffs tendered performance under the allegedly binding agreement. Although they claim that their obligations had been fulfilled, they do not allege what obligations were fulfilled or how. Their conclusory allegations fail to give rise to a plausible claim that Defendant breached the contract. *See Payne v. Wells Fargo Bank*, N.A., No. 3:12–CV–5219-M, 2013 WL 5451856, at *7 (N.D. Tex. Sept. 27, 2013) ("In order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff alleging a breach of contract claim must indicate which loan documents and provisions were breached."); *Chapa v. Chase Home Fin. LLC*, No. C–10–359, 2010 WL 5186785, at *5 (S.D. Tex. Dec. 15, 2010) (collecting Texas cases dismissing breach of contract claims where the plaintiff failed to show the contract or provision that the defendant breached). Plaintiffs have failed to sufficiently allege the elements of their breach of contract claim, and the claim should be dismissed.

**B.** **Quiet Title**

Defendant also moves to dismiss Plaintiffs' quiet title claim because they have failed to allege facts to support the elements of the action. (doc. 4-1 at 4.)

A suit to quiet title, also known as a claim to remove cloud from title, "relies on the invalidity of the defendant's claim to property." *Gordon v. W. Houston Trees, Ltd.*, 352 S.W.3d 32,

42 (Tex. App.—Houston [1st Dist.] 2011, no pet.). To prevail, a plaintiff must show that: (1) he has an interest in a specific property; (2) his title to the property is affected by a claim by the defendant; and (3) the claim, although facially valid, is invalid or unenforceable. *Hurd v. BAC Home Loans Serv., LP*, 880 F. Supp. 2d 747, 766 (citing *U.S. Nat'l Bank Ass'n v. Johnson*, No. 01–10–00837–CV, 2011 WL 6938507, at *3 (Tex. App.–Houston [1st Dist.] Dec. 30, 2011, no pet.)). The plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference." *Id.* at 766–67 (citing *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.–Beaumont 2000, pet. denied)). Notably, the plaintiff must prove and recover on the strength of her own title, not on the weakness of her adversary's title. *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.–Corpus Christi 2001, no pet.).

Here, Plaintiffs allege that they are the owners of the Property, that Defendant's claim clouds the title, and that its claim has expired under the statute of limitations contained in Tex. Civ. Prac. & Rem. Code § 16.035.[3] (*See* doc. 1-2 at 5.) The petition does not include any factual allegations as to the start or end date under the statute of limitations, Plaintiffs' strength of their own title, or even Defendant's claim to the Property. (*See id.*) Plaintiffs further fail to allege any facts showing how the Defendant's claim has expired. (*Id.*) Because Plaintiffs have not pleaded sufficient facts to support a quiet title claim, the claim should be dismissed.

### III. RECOMMENDATION

Defendant's motion to dismiss should be **GRANTED**, and all of Plaintiffs' claims should

---

[3] Under Texas law, a "person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code § 16.035(a)

5

be **DISMISSED** with prejudice for failure to state a claim.

**SO RECOMMENDED** on this 3rd day of November, 2017.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE